921 So.2d 348 (2005)
Eric ROBERTSON, Appellant.
v.
STATE of Mississippi, Appellee.
No. 2003-KA-02690-COA.
Court of Appeals of Mississippi.
March 8, 2005.
Rehearing Denied August 2, 2005.
Certiorari Denied February 16, 2006.
*349 Mark Kevin Horan, attorney for appellant.
Office of the Attorney General by Cott Stuart, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY
¶ 1. On November 5, 2003, a jury in the Winston County Circuit Court found Eric Robertson guilty of the sale of cocaine. Robertson was then sentenced to a term of twenty-five years, with twenty to serve in the custody of the Mississippi Department of Corrections and five years supervised probation. Robertson was also ordered to pay a $5,000 fine, a lab fee in the amount of $125 to the Mississippi Crime Lab, and all court costs, fees and assessments. Robertson filed a motion for a judgment notwithstanding the verdict or, in the alternative, *350 a new trial. The trial judge denied the motion on November 24, 2003. Aggrieved, Robertson now appeals to this Court asserting the following issues: (1) the trial judge erred in informing the jury venire that they would hear "both sides" of the issues, thereby negating Robertson's presumption of innocence and right not to testify; (2) the trial judge erred in allowing the case to proceed when the jury was not properly charged and sworn after selection; and (3) he was denied effective assistance of counsel. Finding no error, we affirm.

FACTS
¶ 2. On January 8, 2001, in Louisville, Mississippi, the Mississippi Bureau of Narcotics conducted an undercover drug operation in order to purchase crack cocaine from Robertson. MBN Agents Brent Young and Brandon Moore conducted the undercover operation with the assistance of a confidential informant, Richard Dickerson. Agent Andrew Cotton and Winston County Deputy Joann Mahaffey also helped provide surveillance for the operation.
# 3. Dickerson introduced Robertson to Agent Moore at Robertson's residence. Dickerson was wearing an audio transmitter and Agent Moore had been provided with $150 in official state funds in order to purchase the crack. After discussing the price of the crack, Robertson stated that he would have to leave and obtain the crack from another location. At that point Agent Moore met with Agent Young in order to receive an additional forty dollars. Robertson returned and sold 2.27 grams of crack cocaine to Agent Moore for $190. Robertson also stated that he could obtain an eight ball of crack cocaine the next day and would sell it for $150. Once the sale was completed, Dickerson and Agent Moore left Robertson's residence.
¶ 4. Dickerson identified Robertson as the one who sold him crack that day and Agent Moore also identified Robertson from a photograph. Robertson was arrested four months later due to other ongoing undercover drug investigations in the area.

DISCUSSION OF ISSUES

I. DID THE TRIAL JUDGE ERR IN TELLING THE JURY THAT THEY WOULD HEAR BOTH SIDES OF THE CASE DURING THE TRIAL?
¶ 5. In his first issue, Robertson argues that the trial judge erred in telling the jury that they would hear both sides of the case during the trial. Robertson claims that this opposes his right to remain silent and not to testify as guaranteed under the Constitution. During voir dire, the trial judge, in addressing the jury, stated the following:
Here today you are going to be charged with finding or returning a unanimous verdict. You are going to hear both sides of the case. You are going to get my instructions on the law, and you are going to have the opportunity to consult with your fellow jurors.
¶ 6. At some point later, the trial judge also stated that:
The burden of proof in this case is on the State as it is in all criminal cases. The State must prove the Defendant's guilt beyond a reasonable doubt. The Defendant does not have to prove anything, and he is presumed innocent until such time as the State does proves [sic] his guilt beyond a reasonable doubt. He does not have to testify in his own behalf. If he does not testify, I'm going to give you an instruction that will say that you cannot use the fact that he did not testify as any evidence against him.
*351 ¶ 7. At no point during the statement by the trial judge saying the jury was "going to hear both sides of the case" did Robertson object. It is well stated that failure to make a contemporaneous objection waives that issue for the purposes of an appeal. Smith v. State, 729 So.2d 1191(¶ 87) (Miss.1998). However, a defendant who fails to make a contemporaneous objection must rely on plain error to raise the assignment on appeal. Foster v. State, 639 So.2d 1263, 1288-89 (Miss.1994). Although Robertson admits to his failure to object to the statement, he contends that the trial judge's statement adversely affected his fundamental right to a fair trial and due process of law and, consequently, that we may address this issue as plain error. Having determined that Robertson's claim is barred procedurally, we will nonetheless proceed to determine whether a substantive right was affected and whether that error led to a miscarriage of justice. Gray v. State, 549 So.2d 1316, 1321 (Miss.1989).
¶ 8. Robertson mainly argues that the phrase "hear both sides," directly opposes his right to remain silent. However, the trial judge was merely trying to note the differences between a grand jury and a trial jury, namely that during grand jury proceedings the defendant's side of the case is not heard. The trial judge never stated that hearing both sides meant that Robertson had to testify. Moreover, the trial judge explicitly stated to the jury that the State had the burden of proof and Robertson was not required to testify. The trial judge further stated that if Robertson did not choose to testify, then that could not be held against him. The trial judge then asked the jury panel a number of different questions to make sure they understood his instructions. No one stated that they were unsure of their duty as jurors.
¶ 9. We cannot find that any Constitutional right of Robertson's was affected, nor can we find that there was a miscarriage of justice. The trial judge was performing his duty and we can find no error in his instructions to the jury. This issue is without merit.

II. DID THE TRIAL JUDGE ERR IN ALLOWING THE CASE TO PROCEED WHEN THE JURY WAS NOT PROPERLY CHARGED AND SWORN AFTER SELECTION?
¶ 10. In his second issue, Robertson argues that the trial judge erred in allowing the case to proceed when the jury was not properly charged and sworn after selection. During voir dire Robertson asked the trial judge whether the jury had been properly sworn in. The trial judge responded in the affirmative but asked the clerk. The clerk responded that the jury had been sworn and that two oaths were given, one to the panel "to answer the questions and the oath to the petit jury." The court reporter also said the jury had been sworn. After this exchange, Robertson's counsel stated "All right." Furthermore, the first and second pages of the trial transcript state that the jury was sworn and the final judgment states that the jury was sworn.
¶ 11. In Bell v. State, 360 So.2d 1206, 1215 (Miss.1978), the supreme court, in failing to find reversible error where the record did not reveal whether the jury had not been specially sworn, determined that a rebuttable presumption exists that the trial judge properly performed his duties. See also Stewart v. State, 881 So.2d 919(¶ 13) (Miss.Ct.App.2004); Young v. State, 425 So.2d 1022, 1025 (Miss.1983). This Court has also found that when the lower court's judgment states that the jury was properly sworn it is presumed that the trial judge performed his duties. Woulard v. State, 832 So.2d 561(¶ 24) (Miss.Ct.App. *352 2002). In the case at bar, we fail to find that Robertson produced such evidence to overcome the presumption that the trial judge performed his duty in swearing in the jury.

III. WAS ROBERTSON DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 12. In his last issue, Robertson argues that he was denied effective assistance of counsel. Robertson specifically asserts that his trial counsel erred in allowing hearsay testimony from the MBN agents; failing to object to testimony concerning an alleged subsequent cocaine sale by Robertson; in agreeing to admit into evidence an MBN report; and in failing to promote Robertson's defense of mistaken identity. While looking to the totality of the circumstances, we must determine whether Robertson proved his counsel's performance was deficient and whether this deficiency resulted in prejudice to Robertson. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We must discover if any of the purported errors were "outside the range of professionally competent assistance." Id. at 690.
¶ 13. Robertson states that he was prejudiced when Agent Young testified that Dickerson identified Robertson, since Agent Young had previously stated that he had never seen Robertson. Robertson claims that this constituted hearsay and that his trial counsel should have objected. We cannot find that this failure to object falls outside the range of professionally competent assistance.
¶ 14. Robertson also argues that there was never proof of ownership of the residence where the buy occurred. Robertson claims that the jury had to assume that the residence was his. We are not persuaded by this argument, especially since Dickerson knew Robertson and informed Agent Moore that the buy was at Robertson's house. Robertson states that the testimony concerning Robertson's offer to sell Dickerson and Agent Moore more crack cocaine was prejudicial. However, Robertson fails to state exactly why his trial counsel was ineffective in this instance, and we are disinclined to guess.
¶ 15. Robertson further claims that his trial counsel was deficient in agreeing to admit the MBN report concerning the drug buy. Robertson's trial counsel moved to have this report admitted into evidence after the State referred to this report while questioning Agent Moore. However, Robertson's trial counsel also referred to this report while cross-examining Agent Moore in an attempt to poke holes in Moore's story. Robertson's trial counsel's actions clearly show that he had a particular strategy in mind by allowing this report into evidence. We cannot find that he acted deficiently in this instance.
¶ 16. Robertson's last argument concerns his defense of mistaken identification. Robertson argues that his trial counsel never promoted this defense. However, the record clearly shows many instances where his trial counsel asked questions concerning whether Robertson was properly identified as the seller. We fail to find that Robertson's trial counsel acted deficiently in attempting to bolster their defense of mistaken identity. As we have not found Robertson's trial counsel deficient in his representation, this issue is without merit.
¶ 17. THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE *353 YEARS SUSPENDED, FIVE YEARS' SUPERVISED PROBATION, AND PAY A $5,000 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY.